UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOSEPH BAHGAT, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 16-1827-BRM-LHG |
| TOWNSHIP OF EAST BRUNSWICK, *et al.* | : |
| Defendants. | : **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendants New Jersey Motor Vehicle Commission ("NJMVC") and NJMVC Director Raymond Martinez's ("Martinez") (collectively, "NJMVC Defendants") Motion to Dismiss (ECF No. 28) pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Joseph Bahgat ("Plaintiff") opposes the motion. (ECF No. 38.) Pursuant to Federal Rule of Civil Procedure 78(a), this Court heard oral argument on April 24, 2017. For the reasons set forth herein, the Motion to Dismiss is **GRANTED**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

For the purpose of this Motion to Dismiss, the Court accepts the factual allegations in the Second Amended Complaint (ECF No. 25) as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

This case arises from the April 1, 2014, traffic stop and arrest of Plaintiff for driving while his driver's license was incorrectly suspended. (ECF No. 25 ¶¶ 33-39.) Plaintiff brings claims for violations of his civil rights pursuant to 42 U.S.C. § 1983 and the New Jersey Civil Rights Act, N.J.S.A. 10:6-1, *et seq.*, against the Township of East Brunswick, New Jersey ("East Brunswick"),

the East Brunswick Police Department ("East Brunswick PD"), Acting Chief William Krauss, Jr., ("Krauss"), Lieutenant Alan Quercia ("Quercia"), Lieutenant Kevin F. Zebro ("Zebro"), Patrolman Michael Tota ("Tota"), East Brunswick Municipal Prosecutor Lawrence Sachs ("Sachs") (collectively, "East Brunswick Defendants"),[1] NJMVC, and Martinez. (*Id.* at 3-5.) According to the Amended Complaint, Tota stopped Plaintiff for driving while his license was suspended. (*Id.* ¶¶ 33-39.) The suspension was implemented in error due to a parking ticket issued in New Brunswick, New Jersey that was dismissed but not recorded as such. (*Id.* ¶ 36.) Plaintiff alleges Tota refused his request to review New Brunswick Municipal Court documents that showed the suspension was in error, arrested Plaintiff, and impounded his car. (*Id.* ¶¶ 36-39.) Plaintiff was charged with driving during a period of suspension in violation of N.J.S.A. § 39:3-40. (*Id.* ¶ 39.)

Several weeks after the traffic stop and arrest, Plaintiff appeared in East Brunswick Municipal Court and made a motion to dismiss the charges, but the court transferred the case to South River Borough. (*Id.* ¶ 42.) Plaintiff appeared in South River Borough Municipal Court and presented documentation showing the suspension was in error to Sachs, the municipal prosecutor assigned to Plaintiff's case. (*Id.* ¶ 43.) Sachs offered to dismiss the charges against Plaintiff if Plaintiff agreed not to bring a civil action against any defendants in this matter. (*Id.* ¶ 44.) Plaintiff refused and proceeded to trial, and the charges were dismissed on or about September 23, 2014. (*Id.* ¶¶ 44-45.)

On March 31, 2016, Plaintiff filed a Complaint (ECF No. 1), which he amended on June 8, 2016 (ECF No. 3), and again on November 17, 2016 (ECF No. 25), asserting several claims

---

[1] The East Brunswick Defendants have not filed a motion to dismiss in this litigation, nor did they file any documents pertaining to the pending motion.

against NJMVC Defendants: (1) a claim for supervisor liability under 42 U.S.C. § 1983 against Martinez (Count Three); (2) a claim for negligence against NJMVC Defendants (Count Four); (3) a claim for negligent misrepresentation against NJMVC (Count Five); (4) a claim for negligent hiring against NJMVC (Count Six); (5) a claim for a violation of Plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983 against NJMVC Defendants (Count Seven); and (6) a claim for violations of Plaintiff's civil rights pursuant to the New Jersey Civil Rights Act, N.J.S.A. § 10:6-1, *et seq.* against NJMVC Defendants (Count Eight). (*Id.* ¶¶ 55-87.)

NJMVC Defendants move to dismiss all claims against them, arguing NJMVC and, by extension, Martinez are immune from claims brought pursuant to 42 U.S.C. § 1983. (ECF No. 28 at 10.) NJMVC Defendants argue: (1) NJMVC and Martinez are not "persons" amenable to suit (*id.* at 12); (2) NJMVC Defendants are immune from suit under the Eleventh Amendment of the United States Constitution; (3) Martinez has qualified immunity and Plaintiff has not pled any personal involvement by Martinez (*id.* at 14-19); (4) NJMVC is immune under N.J.S.A. § 59:2-5 for its good faith execution of the laws and its suspension of Plaintiff's license (*id.* at 19-20); (5) NJMVC is immune under N.J.S.A. § 59:3-10 from an action for negligent misrepresentation (*id.* at 21-24); and (6) Plaintiff has not stated a claim for which relief can be granted (*id.* at 25-29).

## II. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to [the plaintiff]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286

(1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

## III. DECISION

### A. Eleventh Amendment Immunity

NJMVC is not a "person" subject to suit pursuant 42 U.S.C. § 1983 or its state analog, the New Jersey Civil Rights Act. *Chapman v. New Jersey*, No. 08-4130, 2009 WL 2634888, at *3 (D.N.J. Aug. 25, 2009). Further, the Eleventh Amendment bars claims against the state[2] "unless Congress specifically abrogates the state's immunity or the state waives its own immunity." *Thorpe v. New Jersey*, 246 Fed. App'x 86, 87 (3d. Cir. 2007) (citing *MCI Telecom. Corp. v. Bell Atl.–Pa.*, 271 F.3d 491, 503–04 (3d Cir. 2001); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)).

---

[2] The parties agreed at oral argument that if Eleventh Amendment immunity applied, all of the claims must be dismissed other than the claims against Martinez in his individual capacity. The claims against Martinez in his individual capacity are the claims for negligence (Count Four) and negligent hiring (Count Six).

4

Here, there is no Congressional abrogation of immunity, nor has the state waived its immunity.

Thus, Plaintiff's claims against NJMVC Defendants pursuant to 42 U.S.C. § 1983 and the New Jersey Civil Rights Act (Counts Three, Seven, and Eight) and Plaintiff's common law claims against NJMVC Defendants (Counts Four, Five, and Six) are dismissed with prejudice, with the exception of the claims for negligence (Count Four) and negligent hiring (Count Six) against Martinez in his individual capacity.

Even if Eleventh Amendment immunity did not apply, Plaintiff's claims would be dismissed on alternative grounds analyzed below.

### B. Statutory Immunity

Plaintiff argues Eleventh Amendment immunity does not apply, because the New Jersey Tort Claims Act, N.J.S.A. § 59:1-1, *et seq.*, provides public employees are not immune from their acts and omissions while performing "ministerial functions." N.J.S.A. § 59:2-3(d); *Henebema v. S. Jersey Transp. Auth.*, 430 N.J. Super. 485, 503 (App. Div. 2013), *aff'd*, 219 N.J. 481 (2014). Plaintiff maintains the issue of whether the suspension of his license is a discretionary function, and therefore entitled to immunity, or a ministerial function, is a question of fact for the jury. (ECF No. 38 at 23 (citing *Henebema*, 430 N.J. Super. at 491, 506).) The distinction is immaterial, however, because NJMVC Defendants are immune under N.J.S.A. § 59:2-5 for any claims arising from the "[i]ssuance, denial, suspension or revocation of a license" whether the action(s) taken are classified as discretionary or ministerial. *Malloy v. State*, 76 N.J. 515, 520 (N.J. 1978). Plaintiff argues this immunity does not apply because his license was not suspended, but rather negligently reported as such. Even if Plaintiff's assertion were correct, and NJMVC and Martinez negligently misrepresented that the license was suspended, they would be immune nonetheless, because "a public employee acting in the scope of his employment is not liable for an injury caused by his misrepresentation." N.J.S.A. § 59:3-10.

5

Thus, Plaintiff's claims (Counts Three through Eight) against NJMVC Defendants are dismissed with prejudice with the exception of the claims for negligence (Count Four) and negligent hiring (Count Six) against Martinez in his individual capacity.

**C. Immunity for Actions Taken Pursuant to a Court Order**

An "action taken pursuant to a facially valid court order receives absolute immunity from § 1983 lawsuits for damages." *Hamilton v. Leavy*, 322 F.3d 776, 782-83 (3d Cir. 2003) (citations omitted). Plaintiff's claims against NJMVC Defendants hinge on the connection between their actions and the actions of the New Brunswick Municipal Court, which is not a party in this case. To the extent NJMVC Defendants wrongfully marked Plaintiff's license as suspended, they did so pursuant to an order from the New Brunswick Municipal Court. NJMVC Defendants cite letters between NJMVC and Plaintiff in which NJMVC (1) informed Plaintiff it had suspended his license pursuant to a court order, and (2) advised him not to drive until he receives confirmation from NJMVC that it lifted the suspension. (ECF No. 28-2 at 4-5). The letters indicate NJMVC suspended Plaintiff's license pursuant to a court order, and therefore NJMVC Defendants cannot be liable for any damages proximately caused by their suspension of Plaintiff's license.

Thus, Plaintiff's claims (Counts Two through Eight) against NJMVC Defendants are dismissed with prejudice with the exception of the claims for negligence (Count Four) and negligent hiring (Count Six) against Martinez in his individual capacity.

**D. Claims Against Martinez in His Personal Capacity**

To the extent Plaintiff has pleaded claims against Martinez in his personal capacity, Plaintiff has not alleged sufficient facts to support his claims. To adequately plead such claims, Plaintiff must "state[] the conduct, time, place, and persons responsible." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). Plaintiff has not cited any act or omission by Martinez other than a general negligence or failure to supervise NJMVC employees and/or to implement adequate

policies to avoid the sort of improper suspension of a driver's license Plaintiff experienced. Plaintiff alleges Martinez sent him a letter informing him of the suspension of Plaintiff's license (ECF No. 25 ¶ 26), but the correspondence was a form letter and does not indicate Martinez had any knowledge of or involvement in the suspension. Further, to the extent any NJMVC personnel suspended Plaintiff's license due to negligence, NJMVC and Martinez cannot be held liable for those actions under a theory of *respondeat superior*. *Rode v. Dellaciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (finding a "defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior*").

. Thus, Plaintiff's claims against Martinez in his individual capacity for negligence (Count Four) and negligent hiring (Count Six) are dismissed without prejudice. Plaintiff could amend his complaint to address these deficiencies in his pleading

## IV. CONCLUSION

For the reasons set forth above, NJMVC Defendants' Motion to Dismiss is **GRANTED**. Plaintiff's claims against NJMVC Defendants (Counts Three through Eight) are **DISMISSED WITH PREJUDICE**. Plaintiff's claims against Martinez in his individual capacity for negligence (Count Four) and negligent hiring (Count Six) are **DISMISSED WITHOUT PREJUDICE**. An appropriate Order will follow.

**Date: May 30, 2017**　　　　　　　　　　　　　*/s/ Brian R. Martinotti*
　　　　　　　　　　　　　　　　　　　　　　　**HON. BRIAN R. MARTINOTTI**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**