NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOSEPH BAHGAT, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 3:16-cv-1827-BRM-LHG |
| | : | |
| TOWNSHIP OF EAST BRUNSWICK, | : | |
| EAST BRUNSWICK POLICE | : | |
| DEPARTMENT, ACTING CHIEF | : | |
| WILLIAM KRAUSE JR., | : | |
| LIEUTENANT ALAN QUERCIA, | : | |
| LIEUTENANT KEVIN F. ZERBO, | : | |
| PATROLMAN MICHAEL TOTA, ET AL., | : | |
| | : | OPINION |
| Defendants. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion to Dismiss filed by Defendants Township of East Brunswick ("East Brunswick"), East Brunswick Police Department ("EBPD"), Acting Chief William Krause Jr. ("Krause"), Lieutenant Alan Quercia ("Quercia"), Lieutenant Kevin F. Zerbo ("Zerbo"), and Patrolman Michael Tota ("Tota") (collectively "Defendants") seeking to dismiss Plaintiff Joseph Bahgat's ("Plaintiff" or "Bahgat") Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 60.) Bahgat filed an Opposition to Defendants' Motion to Dismiss (ECF No. 63) and Defendants filed a Reply Brief to Bahgat's Opposition to its Motion to Dismiss. (ECF No. 64.) Also before this Court is Bahgat's Cross-Motion for Leave to Amend the Second Amended Complaint. (ECF No. 63-1.) Having reviewed the submissions filed in connection with the motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth

below and for good cause appearing, Defendants' Motion to Dismiss is **GRANTED**, Bahgat's Cross-Motion for Leave to Amend the Second Amended Complaint is **DENIED AS MOOT**, and the Amended Complaint is **DISMISSED WITH PREJUDICE**.

## I. BACKGROUND

### A. Factual Background

For the purposes of this Motion to Dismiss, the Court accepts the factual allegations in the Amended Complaint as true and draws all inferences in the light most favorable to the plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).[1] Furthermore, the Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

Bahgat is a citizen of the United States and resides in Middlesex County, New Jersey. (ECF No. 25 ¶ 5.) Bahgat is an attorney at law licensed to practice in the State of New Jersey since 2008. (ECF No. 25 ¶¶ 19-20.)

On February 2, 2014, New Jersey Motor Vehicle Commission ("MVC") Commissioner Raymond P. Martinez ("Martinez") sent a letter to Bahgat informing him that his New Jersey driver's license was suspended by New Brunswick Municipal Court for a parking violation, pursuant to N.J.S.A. § 39:4-139.2, and that he must submit a payment for an outstanding fine to the New Brunswick Municipal Court. (ECF No. 25 ¶¶ 26-27.) Bahgat then called the New Brunswick Municipal Court, and the "deputy court administrator" confirmed to him that letter

---

[1] This Court recognizes that the presumption of truthfulness of the allegations contained in Bahgat's Complaint applies only when considering Defendants' Motion to Dismiss pursuant to Rule 12(b)(6). No presumption of truthfulness attaches to a plaintiff's allegations when a defendant moves for dismissal for lack of subject matter jurisdiction. *U.S. ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 509 (3d Cir. 2007).

was sent to him in error and it would be "remedied immediately by faxing a letter to [] Martinez instructing the MVC to correct its records." (ECF No. 25 ¶¶ 28-29.) Ultimately, Bahgat was unable to reach Martinez, so sent a letter "enclosing the municipal court's documentation" and requesting a response. (ECF No. 25 ¶ 30.)

In March 2014, Bahgat received a billing notice from the MVC indicating that he owed the MVC $100. (ECF No. 25 ¶ 31.) On March 23, 2014, Bahgat sent a letter to the MVC by fax and regular mail stating his "objection to the billing notice," "documentation of [] MVC's error," and requesting a written confirmation from the MVC. (ECF No. 25 ¶¶ 31-32.) Bahgat never received a confirmation. (ECF No. 25 ¶ 32.)

On April 1, 2014, Bahgat was pulled over by Tota near the intersection of Ryders Lane and Dunhams Corner Road in East Brunswick. (ECF No. 25 ¶¶ 233-35) Tota informed Bahgat that was stopped because his driver's license was suspended, although he "never asked about [Bahgat]'s driver's license, insurance or vehicle registration." (ECF No. 25 ¶ 35.) In response, Bahgat told Tota that his license was not suspended and "brought out documentation from the municipal court" proving that the suspension of his license was erroneous. (ECF No. 25 ¶ 36.) Tota refused to view the documents and Bahgat's car was seized. (ECF No. 25 ¶¶ 36-37.) Tota then requested backup police personnel to "assist him with [Bahgat]'s arrest and seizure" and subsequently "made a derogatory remark" about Bahgat over the police radio. (ECF No. 25 ¶ 38.) Bahgat was then charged with a violation of N.J.S.A. § 39:3-40, driving with a suspended, revoked, or prohibited license. (ECF No. 25 ¶ 39.)

On April 30, 2014, Bahgat received a letter from the MVC's Director of Customer Information & Advocacy, Donald Borowski ("Borowski"), informing him that the MVC's Data Entry Unit updated Bahgat's driving record and deleted his January 31, 2014 parking offense

from his record. (ECF No. 25 ¶ 41.) Sometime thereafter, Bahgat appeared in East Brunswick Municipal Court for an arraignment on the driving with a suspended license charge and entered a plea of not guilty. (ECF No. 25 ¶ 42.) Bahgat also made a motion to dismiss before the East Brunswick Municipal Court, but instead of ruling on the motion, "the court transferred the case to South River Borough for further disposition." (*Id.*)

Bahgat then appeared in South River Municipal Court, at which time the prosecutor, Defendant Lawrence B. Sachs ("Sachs"), offered to dismiss the pending charges if Bahgat agreed not to bring a civil action against Tota or East Brunswick. (ECF No. 25 ¶ 44.) Bahgat refused this offer and instead re-filed his motion to dismiss the charge in South River Municipal Court. (*Id.*) On September 23, 2014, the South River Municipal Court granted Bahgat's motion to dismiss, thereby dismissing all the charges pending against him. (ECF No. 25 ¶ 45.)

Sometime thereafter, Bahgat initiated an administrative complaint against Tota by sending a letter to Krause. (ECF No. 25 ¶ 46.) Krause then forwarded Bahgat's complaint to Zebro, who contacted Bahgat and requested he appear for an in-person interview. (ECF No. 25 ¶¶ 47-48.) Bahgat alleges Zebro's investigation was a "sham" as it concluded Tota did not violate any departmental standards or procedures. (ECF No. 25 ¶ 49.)

### B. Procedural History

On March 31, 2016, Bahgat filed a Complaint (the "Complaint") before this Court against Defendants, as well as Defendants MVC, Martinez, and Sachs. (ECF No. 1.) The Complaint asserted causes of action for: wrongful arrest and seizure and malicious prosecution against East Brunswick, Tota, and Sachs ("Count One"); unconstitutional official policy pursuant to 42 U.S.C. § 1983 against MVC and East Brunswick ("Count Two"); supervisory liability pursuant to 42 U.S.C. § 1983 against MVC, East Brunswick, Krause, and Quercia ("Count

4

Three"); negligence against the MVC ("Count Four"); negligent misrepresentation against the MVC ("Count Five"); negligent hiring against the MVC and East Brunswick ("Count Six"); violations of 42 U.S.C. § 1983 against all defendants ("Count Seven"); and violations of the New Jersey Civil Rights Act against all defendants ("Count Eight"). (ECF No. 1.) On June 8, 2016, Bahgat filed an Amended Complaint (the "Amended Complaint") asserting the same causes of action against the same defendants. (ECF No. 3.) On July 19, 2016, Defendants filed an Answer to Bahgat's Amended Complaint. (ECF No. 15.) On October 24, 2016, the MVC and Martinez (the "MVC Defendants") filed a Motion to Dismiss the Amended Complaint. (ECF No. 23.)

On November 17, 2016, Bahgat filed a Second Amended Complaint (the "Second Amended Complaint") asserting the same causes of action but adding Martinez as a defendant as to Counts Three and Four. (ECF No. 25.) In light of the Second Amended Complaint, the Court dismissed the MVC Defendants' Motion to Dismiss as moot. (ECF No. 27.)

On December 15, 2016, the MVC Defendants filed a Motion to Dismiss the Second Amended Complaint. (ECF No. 28.) On February 21, 2017, Bahgat filed an Opposition to the MVC Defendants' Motion to Dismiss (ECF No. 38) and on February 24, 2017, the MVC Defendants filed a Reply Brief to Bahgat's Opposition to their Motion to Dismiss. (ECF No. 40). On April 24, 2017, this Court held an oral argument on the MVC Defendants' Motion to Dismiss the Second Amended Complaint. (ECF No. 43.) On May 30, 2017, this Court issued an Opinion and Order whereby it dismissed Counts Three through Eight with prejudice, as to the MVC Defendants, and dismissed the claims against Martinez in his individual capacity without prejudice. (ECF Nos. 44 & 45.)

On October 26, 2018, Defendants filed a Motion to Dismiss the Second Amended Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief

may be granted. (ECF No. 60.) On November 17, 2018, Bahgat filed an Opposition to Defendants' Motion to Dismiss (ECF No. 63) and on November 26, 2018, Defendants filed a Reply Brief to Bahgat's Opposition to its Motion to Dismiss. (ECF No. 64). On December 3, 2018, Bahgat filed a Letter Request to this Court requesting leave to file supplemental papers in opposition to Defendants' Motion to Dismiss. (ECF No. 66.) This Court granted Bahgat's request. (*Id.*) On December 13, 2017, Bahgat filed a Supplemental Opposition to Defendants' Motion to Dismiss. (ECF No. 67.)

## II. LEGAL STANDARD

### A. Rule 12(b)(1) Standard

"When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Symczyk v. Genesis Healthcare Corp.*, 656 F.3d 189, 191 n.4 (3d Cir. 2011) (quoting *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). No presumption of truthfulness is accorded to the plaintiff's allegations. *Atkinson*, 473 F.3d at 509.

When faced with a Rule 12(b)(1) challenge to jurisdiction, the court "must start by determining whether [it is] dealing with a facial or factual attack to jurisdiction." *Id.* "If [it] is a facial attack, the court looks only at the allegations in the pleadings and does so in the light most favorable to the plaintiff." "If [it] is a factual attack, however, it is permissible for a court to review evidence outside the pleadings." *Id.* Moreover, the trial court is free to weigh and evaluate the evidence in determining whether its jurisdiction has been demonstrated. *Symczyk*, 656 F.3d at 191 n.4 (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1997)). A jurisdictional challenge is a factual challenge if "it concerns not an alleged pleading deficiency, but rather the actual failure of [plaintiff's] claims to comport with the

jurisdictional prerequisites." *Atkinson*, 473 F.3d at 514.

### B. Rule 12(b)(6) Standard

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a probability requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of

the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). However, courts are "not compelled to accept 'unsupported conclusions and unwarranted inferences,'" *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (quoting *Schuylkill Energy Res. Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997)), nor "a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286.

While, as a general rule, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "'document *integral to or explicitly relied upon* in the complaint.'" *Burlington Coat Factory*, 114 F.3d at 1426 (quoting *Shaw*, 82 F.3d at 1220).

### III. DECISION

Defendants contend the Second Amended Complaint does not state any federal claim and therefore lacks subject matter jurisdiction, the doctrine of qualified immunity requires dismissal of Bahgat's claims, there is no cognizable cause of action against East Brunswick, there is no cognizable cause of action for negligent hiring or negligent supervision, and the Amended Complaint fails to state a claim under the NJCRA. (ECF No 60-2 at 4-16.) Bahgat counters that

the Second Amended Complaint alleges that Defendants violated his constitutional rights by stopping him, seizing his property without due process, and maliciously prosecuting him to "cover up the officer's and department's misconduct." (ECF No. 63 at 15-18.) Bahgat further contends that he has demonstrated a violation of his constitutional rights on behalf of Tota, who is not entitled to qualified immunity. (*Id.* at 18-19.) This Court considers each argument in turn.

### A. 42 U.S.C. § 1983 (Counts Two, Three, Six and Seven)[2]

Defendants contend the Second Amended Complaint fails to allege any federal claim or cause of action under 42 U.S.C. § 1983, and that as such, this Court lacks subject matter jurisdiction to hear this matter. (ECF No. 60-2 at 4-7.) Bahgat argues that Tota, and by extension East Brunwick, violated his constitutional rights by "unlawfully stopping and detaining him, and seizing his vehicle without probable cause to do so." (ECF No. 63 at 15.) Bahgat further argues that Tota "knew he lacked probable cause to arrest [him] or to seize his vehicle," and that as such, Defendants are not entitled to qualified immunity. (*Id.* at 19-21.)

Section 1983 states, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Therefore, to state a claim under Section 1983, a plaintiff must allege: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged

---

[2] Counts Two (*Monell* claim for unconstitutional official policy), Three (supervisory liability pursuant to Section 1983), Six (negligent hiring), and Seven (Section 1983 violations) all assert causes of action pursuant to Section 1983. (ECF No. 25 ¶¶ 55-85.) In the interest of convenience, each count is dealt with under this section.

deprivation was committed or caused by a person amenable to suit under Section 1983 and acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994). Here, Bahgat fails to allege a violation of a federal or constitutional right, and as such, the § 1983 claims are dismissed.

Bahgat's § 1983 claim is premised on the allegation that Tota violated his constitutional rights by unlawfully detaining him and seizing his vehicle. (ECF No. 63 at 15.) Bahgat contends the Second Amended Complaint adequately alleges a violation of his rights under the Fourth Amendment, as the "Third Circuit has held [] even a relatively brief traffic stop is a 'seizure' within the meaning of the Fourth Amendment."[3] (ECF No. 63 at 18.) Bahgat argues "the facts upon which [] Tota relied when conducting his initial stop were inaccurate because of the failure of [] Martinez to maintain accurate driver history records," and that as such, Bahgat has adequately pled that his Fourth Amendment rights were violated, thereby giving rise to his § 1983 cause of action. (ECF No. 63 at 18-19.)

In his Opposition to the Motion to Dismiss, however, Bahgat concedes that his vehicle "had no front [] license plate" and he "opted to display the plate on the dashboard/in the windshield" of his car. (*Id.* at 10.) Bahgat erroneously asserts this practice comports with N.J.S.A. § 39:3-33, which states in pertinent part:

---

[3] Indeed, the Third Circuit has held that a "traffic stop is a 'seizure' within the meaning of the Fourth Amendment, 'even though the purpose of the stop is limited and the resulting detention quite brief.'" *United States v. Delfin-Colina*, 464 F.3d 392, 396 (3d Cir. 2006) (quoting *Delaware v. Prouse*, 440 U.S. 648, 653 (1979)). However, a traffic stop is reasonable, and thus not in violation of the Fourth Amendment, "when the officer has a reasonable, articulable suspicion that criminal activity is afoot." *Delfin-Colina*, 464 F.3d at 396 (quoting *United States v. Valentine*, 232 F.3d 350, 353 (3d Cir. 2000)). "Reasonable, articulable suspicion is a 'less demanding standard than probable cause and requires a showing considerably less than [a] preponderance of the evidence.'" *Delfin-Colina*, 464 F.3d at 396 (quoting *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000)). Rather, only a "minimal level of justification" is necessary to justify a traffic stop. *United States v. Sokolow*, 490 U.S. 1, 7 (1989).

> The owner of an automobile which is driven on the public highways of this State shall display not less than 12 inches nor more than 48 inches from the ground in a horizontal position, and in such a way as not to swing, an identification mark or marks to be furnished by the division.

N.J.S.A. § 39:3-33.

New Jersey case law makes clear that a driver's failure to have a plate properly and "conspicuously" displayed on his or her vehicle constitutes a reasonable and articulable suspicion that a motor vehicle offense has been committed, thereby justifying a stop. *State v. Murphy*, 570 A.2d 451, 455 (N.J. App. Div. 1990); *see also State ex rel. D.K.*, 821 A.2d 515, 517 (N.J. App. Div. 2003). In *Murphy*, an officer stopped a car for having a license plate "stuck in the rear window," believing it to be a violation of N.J.S.A. § 39:3-33. *Murphy*, 570 A.2d at 452. The Appellate Division determined the officer had reasonable suspicion to make the stop as the license plate was "not conspicuously displayed" and "placed in the weather stripping of the rear window" rather than "permanently affixed." *Id.* at 455. The Appellate Division held that the Fourth Amendment is satisfied if the stop is the result of an officer's objectively reasonable belief that an infraction has been committed, as enunciated in *State v. Bruzzese*, 463 A.2d 320, 325 (N.J. 1983). *Murphy*, 570 A.2d at 456.

Here, Bahgat conceded in his Opposition that his license plate was not affixed to his vehicle, but rather, "on the dashboard/in the windshield." (ECF No. 63 at 10.) As it is well-established that the failure of a motorist to properly affix a license plate constitutes reasonable suspicion for a stop, Tota was justified in effectuating the traffic stop. Therefore, the Second Amended Complaint has failed to allege any constitutional violation giving rise to a § 1983

11

cause of action.[4]

As Bahgat has failed to allege that Tota's investigative stop violated his constitutional rights, his § 1983 claims for unconstitutional official policy pursuant to *Monell* (Count Two), supervisory liability pursuant to § 1983 (Count Three), and negligent hiring (Count Six) must also be dismissed. Each count contains an element requiring the plaintiff to have adequately pled a violation of his or her constitutional rights by a state actor. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) (holding that a prerequisite to a Section 1983 action for unconstitutional policy is an "official policy as the moving force of the constitutional violation found by the District Court"); *see also Santiago v. Warminster Twp.*, 629 F.3d 121, 128-29 (3d Cir. 2010) (holding that there are "two theories" of supervisory liability, "one under which supervisors can be liable if they established and maintained policy . . . which directly caused constitutional harm, and another under which they can be liable if they participated in violating plaintiff's rights");[5] *see also Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 405 (1997) (holding that a plaintiff asserting a negligent hiring claim pursuant to Section 1983 must prove he or she "suffered a deprivation of federal rights"). As Bahgat has not pled facts giving rise to a constitutional violation, his causes of action for unconstitutional policy, supervisory liability, and negligent hiring must fail. Accordingly, Defendants' Motion to Dismiss is **GRANTED** with respect to Counts Two, Three, Six, and Seven.

---

[4] Notably, the Appellate Division further held that the fact that a motorist is subsequently found not guilty of a motor vehicle violation "would not 'impugn the propriety of the initial stop.'" *Murphy*, 570 A.2d at 456 (quoting *State v. Nugent*, 312 A.2d 158, 162 (N.J. App. Div. 1973)).

[5] Furthermore, a plaintiff asserting a supervisory liability claim must identify the specific supervisory practice the defendant failed to employ as well as contemporaneous knowledge of the offending incident or pattern of similar incidents and circumstances under which the supervisor's inaction could be found to constitute tacit approval of such. *See Jankowski v. Lellock*, 649 F. App'x 184, 187 (3d Cir. 2016). The Second Amended Complaint does not assert such allegations.

### B. Wrongful Arrest and Seizure/Malicious Prosecution (Count One)

Bahgat asserts claims for both wrongful arrest and seizure and malicious prosecution against East Brunswick, Tota, and Sachs under Count One. The allegations contained in Count One of the Second Amended Complaint are insufficient to overcome Defendants' Motion to Dismiss.[6]

Tota, and by extension, East Brunswick, is immune from liability under § 1983. "[A]n officer will be immune from civil liability under § 1983 for a wrongful arrest 'if there were sufficient objective indicia of probable cause to justify the action taken even if, in fact, probable cause did not exist.'" *Plummer v. Dep't of Corrections, State of N.J.*, 702 A.2d 535, 537 (N.J. App. Div. 1997) (quoting *McKinney v. E. Orange Mun. Corp.*, 666 A.2d 191, 195 (N.J. App. Div. 1995)). "The inquiry, therefore, becomes an objective, albeit fact specific, question to be decided as a matter of law." *Plummer*, 702 A.2d at 537 (citing *Anderson v. Creighton*, 483 U.S. 635, 641 (1987) (holding that "it is inevitable the law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such cases those officials – like other officials who act in ways they reasonably believe to be lawful – should not be held personally liable")).

Here, Tota reasonably concluded that probable cause was present by virtue of Bahgat's improperly affixed license plate. (ECF No. 63 at 10); *see also Murphy*, 570 A.2d at 452. Moreover, in the Second Amended Complaint, Bahgat explicitly acknowledges the fact that his license was suspended at the time of the incident. (ECF No. 25 ¶¶ 26-27.) In light of these undisputed facts, there were "sufficient objective indicia of probable cause to justify the action

---

[6] Although not explicitly stated, this Court presumes the wrongful cause of action is asserted against Tota and East Brunswick, whereas the malicious prosecution cause of action is asserted against Sachs, the South River Municipal Prosecutor.

taken." *Plummer*, 702 A.2d at 538 (quoting *McKinney*, 666 A.2d at 195); *see also Beck v. Ohio*, 379 U.S. 89, 91 (2000) (holding that probable cause exists when "the facts and circumstances within [the officer's] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed . . . and offense"). As such, Tota and East Brunswick are entitled to the enforcement of their qualified immunity as a matter of law. *See Plummer*, 702 A.2d at 538.[7] Accordingly, Defendants' Motion to Dismiss the wrongful arrest and seizure claim in Count One is **GRANTED**.

Similarly, Bahgat has failed to state a case for malicious prosecution. To prevail on a Fourth Amendment malicious prosecution claim pursuant to § 1983, a plaintiff must establish:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014) (citing *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007)).

There was probable cause to initiate the proceeding against Bahgat, as it is undisputed that Bahgat's license plates were not properly affixed and that he was driving while his license was suspended. (ECF No. 25 ¶¶ 26-27; ECF No. 63 at 10.) As such, Bahgat's malicious

---

[7] Notably, the Supreme Court has held that qualified immunity is "an immunity from suit rather than a mere defense to liability" and that "like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). As such, a defendant adequately pleading qualified immunity is "entitled to dismissal before the commencement of discovery." *Id.* (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Therefore, this Court determines that dismissal at this phase of the litigation is the only appropriate remedy.

prosecution claim must necessarily fail as a prong of the inquiry cannot be satisfied.[8] Accordingly, Defendants' Motion to Dismiss the malicious prosecution claim in Count One is **GRANTED**.[9]

### C. New Jersey Civil Rights Act (Count Eight)

In Count Eight of the Second Amended Complaint, Bahgat asserts a claim for a violation of the New Jersey Civil Rights, N.J.S.A. § 10:6-2, *et seq.* ("NJCRA") against all Defendants. (ECF No. 25 ¶¶ 86-87.) The NJCRA creates a private right of action for any person who has been subjected to a violation of federal or state constitutional rights, stating:

> Any person who has been deprived of any substantive due process of equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief.

N.J.S.A. § 10:6-2(c).

"Like 42 U.S.C. § 1983, on which it was modeled, the NJCRA provides a means of vindicating substantive rights guaranteed by federal law and New Jersey's Constitution and laws and is not a source of rights itself." *Lapolla v. Cty. of Union*, 157 A.3d 458, 469 (N.J. App. Div.

---

[8] Moreover, this Court is unconvinced that Bahgat's allegation that his prosecution was "commenced and instituted by defendants maliciously" is anything more than a bald, conclusory assertion, which this Court may discount in ruling on Defendants' Motion to Dismiss. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (holding that "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss").

[9] The Second Amended Complaint does not specify whether Bahgat intends on pursuing a Section 1983 malicious prosecution claim or a malicious prosecution claim at New Jersey law in Count One. Indeed, neither Bahgat's Opposition to Defendants' Motion to Dismiss (ECF No. 64), nor his "Certification in Opposition" (ECF No. 67) address his malicious prosecution claim. Nevertheless, for the same reasons as the Section 1983 malicious prosecution claim must fail, so too must any malicious prosecution claim asserted pursuant to New Jersey state law.

2017) (citing *Gormley v. Wood-El*, 93 A.3d 344, 358 (N.J. 2014)). As such, "[t]his district has repeatedly interpreted NJCRA analogously to § 1983." *Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443-44 (D.N.J. 2011) (citing *Chapman v. New Jersey*, No. 08-4130, 2009 WL 2634888, at *3 (D.N.J. Aug. 25, 2009) (holding that courts "have repeatedly construed the NJCRA in terms nearly identical to its federal counterpart")). Therefore, this Court will "analyze [Bahgat's] NJCRA claims through the lens of § 1983." *Trafton*, 799 F. Supp. 2d at 444 (citing *Hedges v. Musco*, 204 F.3d 109, 121 n.12 (3d Cir. 2000) (holding that New Jersey's constitutional provisions concerning unreasonable searches and seizures is interpreted analogously to the Fourth Amendment)); *see also Desilets v. Clearview Reg'l Bd. of Educ.*, 627 A.2d 667, 673 (N.J. App. Div. 1993) (holding that "the New Jersey Supreme Court [has] analyzed the search and seizure issue under the Fourth Amendment . . . and did not suggest that New Jersey's organic law imposed more stringent standards").

Because Bahgat has not alleged a claim giving rise to liability pursuant to Section 1983, his NJCRA claim must fail. The Second Amended Complaint fails to adequately plead any violations of Bahgat's federal or state constitutional rights. As the NJCRA does not confer any substantive rights, but is a merely a vehicle of enforcement, pleading such constitutional violations is a prerequisite of withstanding a motion to dismiss. Accordingly, Defendants' Motion to Dismiss Count Eight is **GRANTED.**

### IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is **GRANTED**, the Second Amended Complaint is **DISMISSED WITH PREJUDICE**, and Bahgat's Cross-Motion for Leave to Amend the Complaint is **DENIED AS MOOT** as set forth herein and in the accompanying order.


**Date: May 31, 2019**  /s/ *Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**